(No. 92517

CLIFFORD SCHWEIGERT *et al.*, Appellants, v. VALENA K. SCHWEIGERT, Appellee.

*Opinion filed June 6, 2002.*

Valerie Moehle Umholtz, of Moehle, Swearingen & Umholtz, Ltd., of Pekin, for appellants.

Betty K. Cassidy, of Pekin, and Mark E. Wertz, of Peoria, for appellee.

JUSTICE GARMAN delivered the opinion of the court:

Clifford and Roberta Schweigert filed a petition in the circuit court of Tazewell County seeking visitation with their granddaughter, Laisa, pursuant to section 607(b) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/607(b) (West 2000)). Laisa is the daughter of the Schweigerts' late son, Brad, and his wife, Valena. Valena filed an answer in which she acknowledged that she had terminated Laisa's visits with her grandparents and stated her reasons for doing so. Because the question that we address, below, is purely a question of law, it is not necessary to recount the factual allegations made by the parties.

The circuit court, on its own motion, ordered the parties to file memoranda addressing whether, in light of *Troxel v. Granville*, 530 U.S. 57, 147 L. Ed. 2d 49, 120 S. Ct. 2054 (2000), and the subsequent decision of this court in *Lulay v. Lulay*, 193 Ill. 2d 455 (2000), section 607(b) was unconstitutional as applied when the respondent is the child's sole surviving parent. After a hearing on this issue, the circuit court found the statute "unconstitutional as applied to the facts and circumstances of this case." In effect, the court ruled that one parent's "well-established fundamental right" to raise her child without interference from the state is not diminished by the death of the other parent.

Pursuant to Supreme Court Rule 302(a)(1) (134 Ill. 2d R. 302(a)(1)), appeal lies directly to this court because the circuit court declared an Illinois statute invalid.

Section 607(b) of the Act provides, in pertinent part:

"(1) The court may grant reasonable visitation privileges to a grandparent, great-grandparent, or sibling of any minor child upon petition to the court by the grandparents or great-grandparents or on behalf of the sibling *** if the court determines that it is in the best interests and welfare of the child ***. *** [A] petition for visitation privileges may be filed under this paragraph *** if one or more of the following circumstances exist:

    (A) the parents are not currently cohabiting on a permanent basis or an indefinite basis;

    (B) one of the parents has been absent from the marital abode for more than one month without the spouse knowing his or her whereabouts;

    (C) one of the parents is deceased;

    (D) one of the parents joins in the petition with the grandparents, great-grandparents, or sibling; or

    (E) a sibling is in State custody.

\* \* \*

(3) When one parent is deceased, the surviving parent shall not interfere with the visitation rights of the grandparents."

The specific issue presented by this case is whether sections 607(b)(1)(C) and 607(b)(3), as applied to a surviving parent, are unconstitutional because they violate the parent's fundamental constitutional right, under the due process clauses of the fourteenth amendment to the United States Constitution (U.S. Const., amend. XIV) and article I, section 2, of the Illinois Constitution (Ill. Const. 1970, art. I, § 2), to make decisions regarding the care, custody, and control of her child without undue interference from the State.

However, this court recently held in *Wickham v. Byrne*, 199 Ill. 2d 309 (2002), that section 607(b), in its entirety, is facially unconstitutional. We, therefore, affirm the decision of the circuit court, albeit on different grounds.

## CONCLUSION

Because the statute authorizing the Schweigerts to

bring their petition for visitation is unconstitutional on its face, the order of the circuit court, dismissing their petition, is affirmed.

*Affirmed.*